UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IMMUNOCEPT, LLC, PATRICE ANNE LEE, AND JAMES REESE MATSON | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. A050A334 SS |
| FULBRIGHT & JAWORSKI, LLP, | § § § | |
| Defendant. | § | |

**FILED**
FEB 07 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

## DEFENDANT FULBRIGHT & JAWORSKI, LLP'S
## MOTION TO EXCLUDE THE TESTIMONY OF ALAN MacPHERSON

BECK, REDDEN & SECREST
A Registered Limited Liability Partnership
  David J. Beck
  Texas Bar No. 00000070
  Jeff Golub
  Texas Bar No. 00793823
  Geoff A. Gannaway
  Texas Bar No. 24036617
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**ATTORNEYS FOR DEFENDANT**
**FULBRIGHT & JAWORSKI, LLP**

COMES NOW, Fulbright & Jaworski, LLP ("Fulbright"), and files this Motion to Exclude the Testimony of Alan MacPherson, and in support thereof, would respectfully show the Court as follows:

## I. SUMMARY

The Plaintiffs have alleged that Fulbright was negligent in its prosecution of a patent on their large-pore hemofilter. During the course of the prosecution, the United States Patent & Trademark Office ("PTO") Examiner rejected the Plaintiffs' patent claims in their entirety in multiple PTO office actions. Eventually, then-Fulbright-attorney Sarah Brashears avoided prior art references (*e.g.*, the "Nosé reference") by adding the transitional phrase "consisting of" to independent claim 1 of the patent application. Soon thereafter, the '418 patent issued to the Plaintiffs.

The Plaintiffs have designated Alan MacPherson as their expert to provide testimony regarding patent issues. MacPherson suggests that Fulbright could have obtained broader patent protection for the Plaintiffs by using tactics other than the "consisting of" transitional phrase. In support of this argument, MacPherson claims that the PTO Examiner did not even consider the "consisting of" language, and that it therefore played no role in the '418's issuance. However, at his deposition, MacPherson acknowledged that he could not tell what the Examiner relied upon in finding that the Nosé reference had been overcome.

MacPherson, by his own admission, cannot determine why the Examiner actually issued the '418 claims, nor can he prognosticate as to what alternative methods would or would not have succeeded. Accordingly, certain of MacPherson's opinions do not withstand the scrutiny required by Texas case law and Federal Rule of Evidence 702, and he should not be permitted to testify at trial regarding any actual reasoning behind the Examiner's issuance of '418 claims, nor hypothetical outcomes if different claim language or arguments had been submitted to the Examiner.

Additionally, MacPherson was not asked to form an opinion as to whether Fulbright was grossly negligent, and does not know the applicable standard applicable to such an opinion. As such, he should be precluded from testifying regarding gross negligence.

## II. APPLICABLE LAW

Federal Rule of Evidence 702 determines the admissibility of all expert testimony, and places the qualifications of the witness, the sufficiency of his data, the reliability of his methodology, and the "fit" of that methodology to the facts squarely at issue. FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 591-93 (1993). The Plaintiffs bear the burden of proving that MacPherson's testimony meets the standards of Rules 702 and 703. *See, e.g., United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

## III. ARGUMENT AND AUTHORITIES

> A.  *MacPherson cannot speculate as to the Examiner's rationale for issuing the '418 patent, nor to what alternative mechanisms might have been successful in obtaining issuance of the '418 patent.*

The Plaintiffs claim that Fulbright committed malpractice by employing the term "consisting of" in the independent claim of a patent. They claim that other arguments raised by Fulbright overcame the previous rejections from the Examiner. As shown below, MacPherson opines that the "consisting of" amendment was an unnecessary limitation on the Plaintiffs' patent because it did not actually play any role in overcoming, for example, the Nosé prior art. This opinion was based on the fact that the Examiner did not explicitly mention the amendment as the basis for overcoming Nosé. Eventually, however, MacPherson was forced to acknowledge that his belief that other arguments overcame Nosé was unsupported by the PTO's record, and that **MacPherson has no idea how Nosé was overcome**. The Examiner's stated basis for finding that the Nosé was overcome was Dr. Lee's declaration. (**Exhibit D**.) But Dr. Lee's declaration ***does not even mention*** Nosé, and so could not have overcome that prior art. (**Exhibit E**.) The fact of the matter is, MacPherson acknowledges that he does not know what overcame the Nosé

2

reference. He also is unwilling to go beyond the written record to determine an Examiner's rationale – and the written record does not reveal what did or did not overcome the Nosé reference. He should not be able to testify that the "consisting of" language did not in fact overcome that reference.

In his expert report, MacPherson concluded "that the addition of the language 'consisting of' was a gratuitous addition of an unnecessary limitation to claim 1." (**Exhibit B**, ¶ 15.)[1] This opinion is noteworthy, because it requires MacPherson to conclude that the '418 patent would still have issued without the "consisting of" amendment. When questioned at deposition regarding the basis for such a conclusion, MacPherson explained that he did not believe the "consisting of" amendment in fact had any role to play in the issuance of the '418 patent, because the Examiner did not mention the amendment in his Office Actions.

```
Q.  Now the fact that "consisting of" was not
mentioned verbatim in the response that was filed in
January of 1996 with the Patent and Trademark Office,
are you saying that the "consisting of" could not have
had any impact on the examiner's decision whether to
issue or not issue the patent claims?
A.  I don't see in the file history where the
examiner relied on the phrase "consisting of" to issue
the patent claim.
```

(**Exhibit C**, p. 64.)

MacPherson also noted that, if the written record from the PTO did not reflect a rationale for issuing or rejecting claims, he would not speculate as to whether that rationale played a role:

```
Q.  Does [the fact that the examiner did not mention
"consisting of" as something he relied on to issue the
'418 claims] mean that he didn't?
A.  I can't speculate as to what was in the
examiner's minding [sic].  But generally the
proceedings of the patent office are in writing and
the examiner puts down the reasons or sets forth the
reasons for allowance.  In this case he did not rely
on "consisting of" for the purpose of the allowance.
```

---

[1] **Exhibit A** to the Appendix is an affidavit that authenticates the other exhibits that support this motion.

3

> Q. Well, to be clear, he didn't put in writing that he didn't rely on the --
> A. That is correct.
> Q. And you -- as you said, you can't speculate as to whether he did, in fact, consider that in issuing a claim or not issuing a claim?
> A. I'm not going -- I rely on the written record in the patent office as the basis for the patent office decisions, and I think that's the practice in patent cases.
> *   *   *
> Q. *And you are not willing to speculate as to what the examiner actually did or did not do that is not reflected in the written record, right?*
> A. *I don't speculate on what the examiner's reasons were except to the extent that he puts them in writing; then I rely on what he says in writing.*
> Q. And again, you are not going to speculate beyond that?
> A. I don't speculate if I can avoid it.
> Q. Well -- and I am just asking for the time of trial. *You are not going to rely on anything other than the written record for what the Patent and Trademark Office did or did not rely on for issuing or not issuing claims?*
> A. *In general, yes, unless there is some other document that comes forth that sets for the basis for the examiner's allowance, which is other than in the written record in the patent office.*

(**Exhibit C**, pp. 64-66.)

Nor would MacPherson "handicap" the chances that an argument (such as the one he claimed actually overcame the Nosé reference) raised to the PTO would be successful:

> Q. Would . . . you be able to guarantee to a client, if you were involved in prosecuting the '418 patent, that they would have a claim issued just by differentiating the Nosé reference based on the molecular weight exclusion of the inventor's technology?
> A. Would I be able to guarantee?
> Q. Right.
> A. *I think it's a good argument, and I don't guarantee.*
> Q. *Would you be able to put a percentage chance of success on it?*
> A. I think it has merit to it.

4

> Q. What percent?
> A. *I would hope that it would prevail, and that's all I would say.*
> Q. *Your client asked you to handicap but you couldn't do it for him?*
> A. *I don't handicap.*
> Q. Why not?
> A. I just don't.
> Q. It's too uncertain a process?
> A. *I just don't do it. It's not my practice.* And maybe others do, but I just say, I think this is a good argument and let's put it in and see if we can convince the examiner.

(**Exhibit C**, pp. 205-06.)

MacPherson suggests approaches that could have been used as an alternative to the "consisting of" amendment in an attempt to avoid the prior art references cited by the Examiner. (**Exhibit B**, ¶ 14.) MacPherson has explained that, as he saw it, Fulbright's differentiation of prior art based on certain distinguishing technological features was actually successful in avoiding the prior art cited by the Examiner, and so rendered the "consisting of" language superfluous. Again, MacPherson stressed that he would rely only upon the written record to determine the Examiner's reason:

> Q. So it's your testimony that if the prosecution process had never amended the claim to use the term "consisting of," the '418 patent would have issued without any further limitations?
> A. Well, I would say that if the phrase "consisting of" had not been put into that claim, *there were distinguishing features in that claim that were argued that I think resulted in the claim being issued and therefore the claim would have issued without the phrase "consisting of."*
> Q. Now does that conclusion assume that the examiner did not take into consideration the "consisting of" language?
> A. *That conclusion assumes that the examiner relied upon the representations made by the applicant to the patent office as to how the claim distinguished.*
> Q. And it also assumes that he did not consider at all the amendment to use the term "consisting of"; is that right?

5

>  A. *There is no evidence in the written record that*
> *he did, in fact, rely on "consisting of."*
> Q. *So you are assuming it to be true?*
> A. *I assume that to be true, yes.*

(**Exhibit C**, pp. 78-79.) Upon further questioning, MacPherson reiterated that his conclusion regarding whether the '418 patent would have issued without the "consisting of" language was based on the Examiner's written explanation of the grounds accepted for overcoming prior art:

> Q. *Are you -- can you say with any degree of certainty that if the "consisting of" language had not been added that the patent would certainly have issued?*
> A. *Oh, I think it would have.*
> Q. And on what do you base that?
> A. On the grounds that the distinctions that were drawn with the pore size of the filter. And I think there is some other limitations in the claims even that could have been used to distinguish the claim over the prior art.
> Q. And am I correct in summarizing your opinion in saying that the addition of the term "consisting of" played no role in the examiner's decision to issue the '418?
> A. I think I testified this morning that the written record does not support any conclusion that the phrase "consisting of" was the basis for the allowance of the case.
> Q. And so it is -- from that is it correct to conclude that your opinion is that the examiner did not consider the "consisting of" language in any way when he issued the '418 patent?
> A. Again, *my opinion is that the patent was issued because of the distinctions that were put forth in writing to the patent office, and no other reason involving, for instance, some supposed consideration by the examiner of this phrase "consisting of."*

(**Exhibit C**, pp. 102-03.) MacPherson repeatedly insisted that, if a conclusion was not supported in the Examiner's written record, he would not speculate as to reasons that an Examiner did or did not take an action. But one of the crucial actions the Examiner took here – determining that the Nosé prior art had been overcome – does not have a grounding in the written record. Specifically, although MacPherson originally asserted (in the block quote above) that "the patent

6

was issued because of the distinctions that were put forth in writing to the patent office," further questioning revealed that he had misconstrued the correspondence with the PTO in forming that opinion. Specifically, the Examiner stated that the Nosé reference was overcome by Dr. Lee's declaration; when MacPherson was shown at his deposition that Dr. Lee's declaration did not in fact make any mention of the Nosé reference, MacPherson acknowledged that he could not speculate as to what rationale the Examiner employed in overcoming the Nosé reference:

> Q.  BY MR. GANNAWAY:  I'm going to hand you now what has been marked as Exhibit 20 in a previous deposition.  Now Exhibit 20, which has the Bates label on the first page of F&J2761, is the office action that followed the January amendment that included the declaration of Dr. Lee, that we just looked at, and the amendment to include the term "consisting of"; is that right?
> \*   \*   \*
> THE WITNESS:  It followed the January 12th submission -- January 12th, 1996, submission by Ms. Brashears to the patent office; that's correct.
> Q.  BY MR. GANNAWAY:  Okay.  Now Paragraph 1 on Page 2 of this office action says:  The declaration filed on 1-17-96 is sufficient to overcome the rejection of Claims 1 through 8 based upon Lee, et al., and Nosé et al.  Now we've already said that -- you've already testified that *the declaration filed on January 17th of 1996 did not mention Nosé at all; is that correct?*
> A.  *That's my reading of it, yes.*
> Q.  *So can you explain how it is that the examiner found that the Nosé prior art reference was overcome by a declaration that doesn't mention it?*
> A.  *I haven't figured that out.  I haven't looked at that to try to figure that out.*
> Q.  *Can you think of any possible explanation for such a thing?*
> A.  <u>I am not going to speculate on what was in the examiner's mind or why he made that statement.</u>
> \*   \*   \*
> Q.  Could any patent attorney have anticipated that a declaration file that does not mention a prior art reference would be found to overcome the prior art reference by the examiner?
> A.  Well, depends on how the examiner interprets the facts, I guess.  The declaration, I agree, talks about the Lee, et al., article, and <u>I don't understand the</u>

> *basis for the examiner's statement here*, so I leave it at that.
> \* \* \*
> Q. *So we can't speculate on what his true reason was for overcoming the Nosé patent?*
> A. *I said that. I don't know what his true reason was.*
> Q. Any reason to believe that it wasn't the use of the "consisting of" term?
> A. Well, the "consisting of" language was not argued in the remarks that were submitted by Ms. Brashears on January 12th, 1996, but molecular weight exclusion of 100,000 to 150,000 Daltons was.
> Q. Well, the declaration also didn't argue anything about Nosé, and the examiner apparently didn't have any problem overcoming a reference based on that, right?
> A. If that -- if you are arguing that that is a mistake that the examiner made, I don't know. Clearly the declaration did not reference Nosé. The -- but if he made one mistake, is it logical to infer from that that he made another? I can't say. I don't know.
> Q. Well, I am not saying that he made another mistake. I'm just asking you: *From what the office action communicates we just really don't know what overcame Nosé; is that right?*
> A. *Well, we know what the examiner said overcame Nosé, and we would have to ask the examiner what he was thinking when he wrote that.*

(**Exhibit C**, pp. 211-15.) On this last point, MacPherson is correct: the Examiner might be able to tell the jury what argument or amendment overcame the Nosé reference, but MacPherson cannot. The written record that MacPherson argues should be the sole source for determining the basis for overcoming a prior art reference is bereft of an explanation of a valid reason for overcoming the Nosé reference. Under these circumstances, MacPherson has told us that he would not be willing to speculate as to the Examiner's rationale. Fulbright now asks the Court to make clear that he will not be able to do so at trial. Even if MacPherson had not repeatedly stated that he was unwilling to testify as to an Examiner's reasoning for issuing or rejecting a claim, at least one federal court has held that "[i]t would be improper to explore the mental process of the Patent Examiner and speculate as to how he arrived at his decision." *Superior*

8

*Elec. Co. v. Raytheon Co.*, 360 F. Supp. 960, 964 (D. N.H. 1972); *see also Brand Mgm't, Inc. v. Hoffman*, 135 F.3d 776, 1998 WL 15241, at *11 (Fed. Cir. 1998) (unpublished table decision) (observing that an expert's assumptions regarding an examiner's determinations were "not within [the expert's] personal knowledge").

MacPherson has frankly admitted that he has no idea what led to overcoming the Nosé reference. This is a key issue in this case, as Ms. Brashears has testified that the "consisting of" language about which the Plaintiffs complain was used to overcome that reference. He should not be permitted to speculate at trial that the "consisting of" amendment did not have the desired effect. Additionally, MacPherson has stated that he could not handicap or give percentage probabilities of the possible success of alternatives to the "consisting of" amendment. He should therefore be precluded from doing so at trial, as it is not his place to speculate as to what arguments or amendments would have led the Examiner to issue the '418 without the "consisting of" language, or as to what language the Examiner would have permitted in the '418.

  B. *MacPherson should not be permitted to testify regarding "gross negligence."*

MacPherson should not be permitted to testify that Fulbright acted with gross negligence in this case. He did not mention the subject in his report. (**Exhibit B.**) He was not asked by the Plaintiffs to express an opinion on gross negligence. (**Exhibit C, pp. 87-88.**) *He does not know what the standard is in Texas for determining gross negligence.* (**Exhibit C, pp. 92-93.**) He "would be speculating" to answer whether it is an objective or subjective standard. (**Exhibit C, p. 93.**) He did not evaluate one of the key prongs set forth in Texas statutes[2] for determining gross negligence: the degree of risk that might have been involved in a defendant's acts or

---

[2] The definition of gross negligence in Texas is as follows:
 "Gross negligence" means an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an ***extreme degree of risk***, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.
TEX. CIV. PRAC. & REM. CODE § 41.001(11) (emphasis added). MacPherson did not evaluate the alleged degree of risk. (**Exhibit C, p. 93.**)

omissions. (**Exhibit C**, p. 93.) Nonetheless, at deposition, MacPherson purported to express an opinion on gross negligence. (**Exhibit C**, p. 88.)

As an initial matter, the Court's Scheduling Order provided that opinions not contained in an expert report's summary will not be permitted at trial (**Exhibit F**, ¶ 4.) Further, as has been held on multiple occasions by the Texas courts, "[w]hen asked to state an opinion regarding a defendant's negligence or gross negligence, ***the witness must be provided with the proper legal standard as a predicate***." *Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759, 777 (Tex. App.—Corpus Christi 1999, pet. denied)(emphasis added). "[B]efore a testifying expert's opinion can be rendered, a predicate must be laid showing that the expert is familiar with the proper legal definition in question." *Isern v. Watson*, 942 S.W.2d 186, 193 (Tex. App.—Beaumont 1997, no writ); *see Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 365 (Tex. 1988) (expert's opinion on mixed law and fact must be "based on proper legal concepts"). A federal circuit court has come to the same conclusion, finding "[t]he district court properly struck the testimony of [the] proffered expert . . . because of [the expert's] inability to articulate an accurate definition of gross negligence." *See, e.g., Stewart Title Guar. Co. v. Linowes & Blocher*, 917 F.2d 566, 1994 WL 689122, at *5 (4th Cir. 1994) (unpublished table decision) (per curiam). Here, the Plaintiffs asked MacPherson to generate an expert report and presented him for a deposition without even informing him of the standard of care applicable to gross negligence, and they did not ask him to form an opinion on gross negligence. No predicate has been laid for him to testify as to gross negligence, and he should not been permitted to do so.

### IV. CONCLUSION AND PRAYER

Fulbright respectfully submits that the Court should exclude MacPherson's testimony regarding (1) the reasons that were or were not considered by the PTO Examiner in allowing the '418 claims, (2) what alternative hypothetical claims wording the Examiner would have allowed, and (3) alleged gross negligence, and not permit him to testify at trial regarding those topics.

10

Respectfully submitted,

By: _____
David J. Beck
Texas Bar No. 00000070
Jeff Golub
Texas Bar No. 00793823
Geoff A. Gannaway
Texas Bar. No. 24036617
Beck, Redden & Secrest, LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR DEFENDANT
FULBRIGHT & JAWORSKI, LLP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served as shown below on counsel of record on February 6, 2006.

<u>Via Facsimile and Certified Mail, Return-Receipt Certified</u>
Michael P. Lynn, P.C.
Jeffrey M. Tillotson, P.C.
John D. Volney
Jeremy Fielding
Lynn Tillotson & Pinker, LLP
750 N. St. Paul St., Suite 1400
Dallas, Texas 75201

_____
Geoff A. Gannaway

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has in good faith conferred with the Plaintiffs in an effort to resolve this dispute without court action. Plaintiffs' counsel Jeremy Fielding has indicated that Plaintiffs are opposed to this Motion.

_____
Geoff A. Gannaway

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IMMUNOCEPT, LLC, PATRICE ANNE LEE, AND JAMES REESE MATSON | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. A05CA334 SS |
| FULBRIGHT & JAWORSKI, LLP, | § § § | |
| Defendant. | § | |

## APPENDIX TO DEFENDANT FULBRIGHT & JAWORSKI, LLP'S MOTION TO EXCLUDE THE TESTIMONY OF ALAN MACPHERSON

**Exhibit A** – Affidavit of Geoff A. Gannaway

**Exhibit B** - Plaintiffs' Expert Report of Alan H. MacPherson, dated November 23, 2005

**Exhibit C** - Excerpts from the Deposition of Alan H. MacPherson taken on January 27, 2006

**Exhibit D** - Amendments and Response Under 37 C.F.R. § 1.112 regarding Serial No. 08/271,136 filed with the United States Patent and Trademark Office on July 6, 2004

**Exhibit E** - Third Office Action regarding Serial No. 08/271,136 filed with the United States Patent and Trademark Office on April 16, 1996

**Exhibit F** - Court's Scheduling Order executed on August 4, 2005.

388.00006/313148.1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged but Stored with Document in Case File

### See Original File to View/Copy Document/Attachment(s)

Civil Case No.        A:05-CA-334 SS

Immunocept, LLC, et al.

VS.

Fulbright & Jaworski LLP

Attachments to
Document #:           38

Description:          Defendant Fulbright & Jaworski, LLP's Motion to Exclude the Testimony of Alan MacPherson

File Date:            February 7, 2006

Prepared by:          dm

**This sheet to be imaged as the last page.**