UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

― ― ― ? ± 2006

COURT
...TEXAS
DEPUTY CLERK

| IMMUNOCEPT, LLC, PATRICE ANNE LEE, AND JAMES REESE MATSON, | § § § | |
|---|---|---|
| Plaintiffs, | § § § | |
| vs. | § § | CAUSE NO. A 05 CA 334 SS |
| FULBRIGHT & JAWORSKI, LLP, | § § § | |
| Fulbright. | § | |

# PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

Michael P. Lynn, P.C.
State Bar No. 12738500
Jeffrey M. Tillotson, P.C.
State Bar No. 20039200
John Volney
State Bar No. 24003118
Jeremy A. Fielding
State Bar No. 24040895
**LYNN TILLOTSON & PINKER, LLP**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR PLAINTIFFS**



## TO THE HONORABLE COURT

Pursuant to Federal Rule of Civil Procedure 56 and this Court's Scheduling Order, Plaintiffs Immunocept, LLC, Patrice Ann Lee, and James Reese Matson ("Plaintiffs") hereby file this Motion for Partial Summary Judgment requesting that the Court find that the "two step large pore hemofiltration treatments" discussed below do not infringe U.S. Patent No. 5,571,418.

## I
## FACTUAL BACKGROUND

In the 1990s, Plaintiffs Drs. James Matson and Patrice Lee developed large pore hemofiltration technology for the treatment for sepsis, a condition that kills two hundred and fifteen thousand people each year in the United States. As a startup company, Plaintiffs asked defendant Fulbright & Jaworski ("Fulbright") to file a patent application that would protect its large pore hemofiltration technology. When the original attorney handling the Plaintiffs patent application quit the firm, Fulbright reassigned the application to Sarah Brashears, a junior associate a few months out of law school.

During prosecution of the application that ultimately issued as the '418 patent, the unsupervised Ms. Brashears amended the original claim language to include the restrictive transitional phrase "consisting of" instead of the open "comprising" transitional phrase. This mistake lies at the core of plaintiffs' malpractice complaint. The term "consisting of" limits a method claim so that the claim covers *only* the recited step(s) in the claim. A competitor could therefore avoid infringing a claim containing the transitional phrase "consisting of" simply by adding a step to the claimed method. In contrast, a method claim that uses the transitional phrase "comprising" would cover the step(s) recited in the claim *and* any additional steps that a competitor might add; a competitor could *not* avoid infringement by adding steps to the claimed method.

The transitional phrase "consisting of" in claim 1 of the '418 patent is particularly damaging because there are a number of inferior sepsis treatments that could easily be added to the large pore hemofiltration step set forth in the claim to take a competitor beyond the reach of the patent. In paragraph 7 of his declaration, Dr. Matson lists several generally accepted sepsis treatments: 1) antibiotics that are used to treat an underlying infection, 2) drugs called vasopressors that are used to maintain blood pressure so as to prevent cardiovascular collapse, 3) organ support, such as artificial ventilation for the lungs; 4) early goal directed therapy (adjusting the cardiac preload, afterload, and contractility to balance systemic oxygen delivery with oxygen demand), 5) the sepsis drug Xigris® (drotrecogin alfa), 6) tight control of blood sugar, and 7) moderate-dose corticosteroids. (*See* Exhibit A, Declaration of Dr. James Reese Matson in Support of Plaintiffs' Motion for Partial Summary Judgment ("Matson Decl."). These are uncontroversial treatments as confirmed by the website and publication attached to Dr. Matson's declaration. (www.survivingsepsis.org; *Vincent J-L, Abraham E, Annane D, et al*: Reducing mortality in sepsis: new directions. Critical Care 2002, 6 9suppl 3: S1-S18.) Additionally, Dr. Matson explains that each of the treatments can be practiced independently from claim 1's large pore hemofiltration step. (Matson Decl. at ¶ 8).

With this Motion for Partial Summary Judgment of Non-Infringement, Plaintiffs seeks to establish just how harmful Fulbright's mistake has been to the scope, and thereby the value, of its patent. As drafted by Fulbright, the '418 patent covers only a method for treating a toxic mediator-related disease (such as sepsis) that includes a single large pore hemofiltration step. Adding one or more steps to this method – such as administering antibiotics or the sepsis drug Xigris® – would not infringe the '418 patent as a matter of law.

# II
# LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial responsibility of informing the Court "of the basis for its motion and identifying those portions of the pleadings . . . which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant carries its burden, the burden then shifts to the nonmovant to designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To carry this burden, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmovant fails to do so, Rule 56(c) mandates the entry of summary judgment. *Celotex*, 477 U.S. at 322-23.

To determine if an accused device infringes a patent claim, a court performs a two part analysis: first, the meaning and scope of the claim is determined; then, the properly construed claim is compared to the accused device. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). Claim construction is a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996); Comparison of the claims to the accused device requires a factual determination that every claim limitation or its equivalent is found in the accused device. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). Summary judgment on the issue of infringement is proper when no genuine issue of material fact exists, in particular, when no reasonable jury could find that every limitation or its equivalent recited in the properly construed claim either is or is

not found in the accused device." *Goldenberg v. Cytogen Inc.* 373 F.3d 1158, ___ (Fed. Cir. 1998).

# III
# ANALYSIS

A.  **Claim Construction**

Claim 1 of the '418 patent recites:

> 1. A method of treating a pathophysiological state caused by a toxic mediator-related disease consisting of hemofiltering blood with a filter, wherein said filter has a molecular weight exclusion limit of 100,000 to 150,000 Daltons and allows for passage of molecules with a molecular weight of about 70,000 Daltons in the presence of whole blood.

This Court must interpret the term "consisting of" and how it limits claim 1 of the '418 patent [citation]. As explained in its claim construction motion (attached as Exhibit B), Plaintiffs has proposed the following claim construction language:

> In claim 1 of the '418 patent, the term "consisting of" means that the claim is limited to covering a one step process for treating a pathophysiological state caused by a toxic mediator-related disease. That step is the specific hemofiltration step recited in remainder of the claim. If any additional steps are used to treat a pathophysiological state caused by a toxic mediator-related disease together with the hemofiltration step, the claim would not cover that method.

The next step in an infringement analysis is to compare the properly construed claim to the relevant methods. In this case, those methods are the "multi-step toxic mediator-related disease therapies," which include:

> Large pore hemofiltration as specifically recited by the portion of claim 1 following "consisting of," in combination with one or more of the following steps for treating a pathophysiological state caused by a toxic mediator-related disease: 1) antibiotic drugs, 2) vasopressor drugs, 3) organ support, such as artificial ventilation for the lungs, 4) early goal directed therapy, 5) drotrecogin alfa (also known as Xigris®), 6) tight control of blood sugar, and 7) moderate-dose corticosteroids.

Each of the multi-step toxic mediator-related disease therapies described above include two or more separate and independent steps for treating a pathophysiological state caused by a

toxic mediator-related disease. One step is the hemofiltration step recited in claim 1; the second (and possible subsequent) step or steps can be any of the conventional sepsis treatments described by Dr. Matson.

When Plaintiffs' proposed construction of claim 1 is compared with any of these multi-step toxic mediator-related disease therapies, the result is the same: these multi-step therapies do not infringe claim 1 because they all include additional steps that are explicitly excluded from coverage. This would also be true if other current or future treatments for sepsis (or for another toxic mediator-related disease) were combined with the hemofiltration step set forth in claim 1.

The '418 patent also contains claims 2-8, which depend from independent claim 1. When an independent claim is not infringed, its dependent claims (which include all of the limitations of the independent claim) are likewise not infringed. *Wolverine World Wide v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994). Therefore, each of the multi-step toxic mediator-related disease therapies described above also escapes infringement of claims 2-8.

# IV
# CONLCLUSION

The "consisting of" transitional phrase inserted by Fulbright during prosecution of the '418 patent severely limits the scope of claim 1. Any current or future method for treating a toxic mediator-related disease, when combined with the hemofiltration step of claim 1, would avoid infringement of the claim as a matter of law.

Respectfully submitted,

_____
Michael P. Lynn, P.C.
State Bar No. 12738500
Jeffrey M. Tillotson, P.C.
State Bar No. 20039200
John Volney
State Bar No. 24003118
Jeremy A. Fielding
State Bar No. 24040895
**LYNN TILLOTSON & PINKER, LLP**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR PLAINTIFFS**
IMMUNOCEPT, LLC
PATRICE ANN LEE
JAMES REESE MATSON

## CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented.

Certified to the 21st day of February, 2006, by

_____
Jeremy A. Fielding

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served as shown below on this the 21st day of February, 2006:

*Via Cert. Mail, RRR*
David J. Beck, Esq.
Geoff Gannaway, Esq.
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700 Telephone
(713) 951-3720 Facsimile
*Attorneys for Fulbright & Jaworski, LLP*

Jeremy A. Fielding

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged but Stored with Document in Case File

### See Original File to View/Copy Document/Attachment(s)

Civil Case No.     A:05-CA-334 SS

Immunocept, LLC et al.

VS.

Fulbright & Jaworski LLP

Attachments to
Document #:      54

Description:     Plaintiffs' Motion for Partial Summary Judgment of Infringement

File Date:       February 24, 2006

Prepared by:     dm

**This sheet to be imaged as the last page.**