FILED

MAR 2 3 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IMMUNOCEPT, LLC, PATRICE ANNE     §
LEE, AND JAMES REESE MATSON,      §
                                  §
        Plaintiffs,               §
                                  §
v.                                §        CAUSE NO. A-05-CA-334- SS
                                  §
FULBRIGHT & JAWORSKI, LLP,        §
                                  §
        Defendant.                §

**FULBRIGHT & JAWORKSI, LLP'S OBJECTIONS TO AND MOTION TO STRIKE
PLAINTIFFS' APPENDIX AND EXHIBITS TO THEIR
RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Fulbright & Jaworski, LLP ("Fulbright") and files its

objections and motion to strike Plaintiffs' Appendix attached to their Response to Defendant's

Motion for Summary Judgment, and in support thereof would respectfully show this Court as

follows:

On March 10, 2006, Plaintiffs filed their Response to Fulbright's Motion for Summary

Judgment, and attached an "Appendix in Support of Their Response to Defendant's Motion for

Summary Judgment" (hereinafter "Appendix"). The Appendix, including its purported

"Statement of Facts" and "Summary Judgment Evidence," is filled with attorney argument,

hearsay and inadmissible "evidence." Fulbright files these objections and respectfully requests

the Court to strike Plaintiffs' Appendix as follows:

**A.     "Summary of Facts"**

Although Plaintiffs label their Appendix as a "Summary of Facts," it is filled with

nonfactual attorney argument attached as an "Appendix" in a calculated effort to circumvent the

Court's briefing page limitations. That the summary is not factual is evident from the very first

388.00006/316216.1



heading, which misleads the Court via its claim that "Plaintiffs develop a ... life saving treatment for sepsis." (Appendix at 1). Plaintiffs' invention has never saved a single life. Indeed, Plaintiffs have never tested it in humans. The only limited tests (by someone else in Germany) of a large pore hemofilter on humans did not demonstrate a survival benefit, much less "save" lives. In fact, more persons died in the tests of a large pore hemofilter than those who were treated with a conventional sized hemofilter. Such evidence contradicts the attorney argument in Plaintiffs' "Summary of Facts" that Plaintiffs have a "life-saving" treatment and that their invention is "on the cusp" of "final confirmation" of its efficacy in treating sepsis. These fallacies in the plaintiffs' "Summary of facts" are just the tip of the iceberg.

Defendant objects to Plaintiffs' "Summary of Facts" because it is not factual; it is attorney argument, and Defendant requests that it be stricken.

## B.    "Summary Judgment Evidence"

Defendant objects to and requests the Court to strike the following exhibits included in Plaintiffs' "Summary Judgment Evidence" in the Appendix.

| EXHIBITS | OBJECTIONS |
|:---:|:---|
| 1 | Hearsay<br><br>FRE 702. Defendant has moved the Court to exclude the opinions of Rinaldo Bellomo pursuant to *Daubert* and Rule 702. Defendant incorporates its previously-filed *Daubert* motion here. |
| 2 | Hearsay<br><br>FRE 702. Defendant has moved the Court to exclude the opinions of James Malackowski pursuant to *Daubert* and Rule 702. Defendant incorporates its previously-filed *Daubert* motion here. |

| EXHIBITS | OBJECTIONS |
|:---:|:---|
| 3 | Hearsay<br><br>FRE 70. Defendant has moved the Court to exclude the opinions of James Malackowski pursuant to *Daubert* and Rule 702. Defendant incorporates its previously-filed *Daubert* motion here. |
| 4 | Hearsay<br><br>FRE 702. Defendant has moved the Court to exclude the opinions of James Malackowski pursuant to *Daubert* and Rule 702. Defendant incorporates its previously-filed *Daubert* motion here. |
| 5 | Hearsay<br><br>FRE 702. Defendant has moved the Court to exclude the opinions of Alan MacPherson pursuant to *Daubert* and Rule 702. Defendant incorporates its previously-filed *Daubert* motion here. |
| 6 | Hearsay |
| 7 | Hearsay |
| 8 | Hearsay |
| 9 | Hearsay |
| 10 | Hearsay; FRE 402, 403. |
| 12 | FRE 702. Defendant has moved the Court to exclude the opinions of Rinaldo Bellomo pursuant to *Daubert* and Rule 702. Defendant incorporates its previously-filed *Daubert* motion here. |
| 18 | Hearsay (Depo. pp181-191) |
| 22 | Hearsay (Depo. pp. 123-124) |
| 25 | Hearsay |
| 27 | Hearsay |
| 28 | FRE 702. Defendant has moved the Court to exclude the opinions of Alan MacPherson pursuant to *Daubert* and Rule 702. Defendant incorporates its previously-filed *Daubert* motion here. |
| 30 | Hearsay |

| EXHIBITS | OBJECTIONS |
|----------|------------|
| 31 | Hearsay |

Respectfully submitted,

By: _____
   David J. Beck
   Texas Bar No. 00000070
   Jeff Golub
   Texas Bar No. 00793823
   Geoff A. Gannaway
   Texas Bar. No. 24036617
   Connie H. Pfeiffer
   Texas Bar. No. 24046627

Beck, Redden & Secrest, LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR DEFENDANT
FULBRIGHT & JAWORSKI, LLP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served as shown below on counsel of record on March 2 2006.

Via Certified Mail, Return Receipt Requested
Michael P. Lynn, P.C.
Jeremy Fielding
Lynn Tillotson & Pinker, LLP
750 N. St. Paul St., Suite 1400
Dallas, Texas 75201

_____
Jeff M. Golub