UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IMMUNOCEPT, LLC, PATRICE ANNE LEE, AND JAMES REESE MATSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. A050A334 SS |
| FULBRIGHT & JAWORSKI, LLP, | § § | |
| Defendant. | § | |

## FULBRIGHT & JAWORSKI'S RESPONSE TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT AND OBJECTIONS TO PLAINTIFFS' APPENDIX

COMES NOW, Fulbright & Jaworski, LLP ("Fulbright"), and files this Response to Plaintiffs' Motion to Alter or Amend the Judgment and Objections to Plaintiffs' Appendix and in support thereof, would respectfully show the Court as follows:

### I. SUMMARY

On March 24, 2006, this Court granted summary judgment to Fulbright on two independent grounds. Final judgment has been entered. Plaintiffs have now filed a Motion to Alter or Amend the Judgment pursuant to FED. R. CIV. P. 59(e). Plaintiffs do not have a valid basis for this Motion (such as a manifest error of law or newly discovered evidence). Rather, Plaintiffs have come back to the Court to raise anew the same arguments that already failed when included in their summary judgment briefing. As this Court has held:

> *Motions to reconsider based on recycled arguments only serve to waste the resources of the court*, and are not the proper vehicle to rehash old arguments or advance legal theories that could have been presented earlier. . . . *Litigants are expected to present their strongest case when the matter is first considered.*

*Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (Sparks, J.) (emphasis added,



internal quotations and alterations omitted).

## II. STANDARD FOR EVALUATING MOTIONS TO ALTER OR AMEND A JUDGMENT UNDER RULE 59(e)

Plaintiffs have filed their motion pursuant to FED. R. CIV. P. 59(e), which states that a party, within 10 days of entry of a judgment, may move to alter or amend that judgment. The Fifth Circuit has repeatedly explained that a motion to alter or amend the judgment under Rule 59(e) either:

(1) "must clearly establish either a manifest error of law or fact"; or

(2) "must present newly discovered evidence."

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig*, 332 F.3d at 863 (quoting *Simon*, 891 F.2d at 1159).

## III. ARGUMENT

### A. Plaintiffs have not established "manifest error" or identified newly discovered evidence

Plaintiffs here have engaged in the precise behavior criticized by this Court in the past: recycling arguments and wasting the resources of the Court. Plaintiffs' seven-page Motion retreads the same ground covered in Plaintiffs' 25-page Response to Fulbright's Motion for Summary Judgment. Plaintiffs merely express their disagreement with this Court's conclusions, and do not even contend that they can "clearly establish either a manifest error of law or fact" or "present newly discovered evidence." Without more, the Motion is insufficient for this Court to grant Rule 59(e) relief.

B.   This Court's rulings in favor of Fulbright in the Order granting summary judgment were correct

Even if this Court were to look to the merits of the Plaintiffs' arguments, the same outcome would result, as the summary judgment was properly granted. The parties already fully briefed the relevant issues, and Fulbright relies upon the arguments and evidence in its Motion for Summary Judgment, its Reply in Support of its Motion for Summary Judgment, and the appendices to those respective documents, and incorporates them by reference as if fully set forth herein.

C.   The Appendix to Plaintiffs' Motion is untimely, objectionable, and should not be considered by this Court

Along with their Motion to Alter or Amend the Judgment, Plaintiffs have submitted a two-inch-thick Appendix containing deposition excerpts and affidavits. The Fifth Circuit has held that, where a plaintiff included materials in a Rule 59(e) motion that were available when she opposed a summary judgment motion (with no explanation of why those materials were not included in the opposition to summary judgment), the submission of those materials was untimely. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989); *see also Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999) ("Matador's failure to explain why the evidence was not available prior to the district court's grant of summary judgment constitutes a valid basis for denying [the] Motion for Reconsideration."). Plaintiffs here have not provided any explanation as to why the evidence was not attached to their Response to Fulbright's Motion for Summary Judgment, much less suggested that any of the "evidence" included in their Appendix could not have been attached to the earlier pleading.

Additionally, Fulbright objects to the affidavits of Alan MacPherson, James Malackowski, and Rinaldo Bellomo in the Appendix as controverting their deposition testimony.

Further, Fulbright has already filed Motions to Exclude the Testimony of Alan MacPherson, James Malackowski, James Matson, Martha Feldman, and Rinaldo Bellomo pursuant to Rule 702, incorporates those Motions to Exclude by reference as if fully set forth herein, and objects to all deposition testimony, affidavits, and reports from those individuals.

Fulbright objects to the Appendix to Plaintiffs' Motion as untimely, as the parties have already had an opportunity to fully brief the issues germane to summary judgment. Accordingly, Fulbright respectfully moves to strike this evidence and requests that the Court not consider the Appendix.

## IV. CONCLUSION AND PRAYER

Fulbright respectfully requests that the Court issue an order striking the Plaintiffs' Appendix to the Motion to Alter or Amend the Judgment, and that the Court deny the Motion to Alter or Amend the Judgment, and that the Court provide all other relief to which Fulbright may prove itself entitled.

Respectfully submitted,

BECK, REDDEN & SECREST
A Registered Limited Liability Partnership

By: _____
     David J. Beck
     Texas Bar No. 00000070
     Jeff Golub
     Texas Bar No. 00793823
     Geoff A. Gannaway
     Texas Bar No. 24036617
     Connie H. Pfeiffer
     Texas Bar No. 24046627
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR DEFENDANT
FULBRIGHT & JAWORSKI, LLP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served as shown below on counsel of record on April 12, 2006.

<u>Via Certified Mail, Return-Receipt Certified</u>
Michael P. Lynn, P.C.
Jeffrey M. Tillotson, P.C.
John D. Volney
Jeremy Fielding
Lynn Tillotson & Pinker, LLP
750 N. St. Paul St., Suite 1400
Dallas, Texas 75201

_____
Geoff A. Gannaway